AO 91 (Rev. 11/11) Criminal Complaint (Rev. by USAO on 3/12/20)    ☐ Original    ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

Central District of California

FILED
CLERK, U.S. DISTRICT COURT
10/7/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___vav___ DEPUTY

LODGED
CLERK, U.S. DISTRICT COURT
10/7/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: ___VAV___ DEPUTY

United States of America

v.

Prabhjot Singh Sidhu,

Defendant

Case No. 2:22-mj-03936-DUTY

## CRIMINAL COMPLAINT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of October 6, 2022, in the county of Los Angeles in the Central District of California, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | Possession of Controlled Substance with Intent to Distribute |

This criminal complaint is based on these facts:

*Please see attached affidavit.*

☒ Continued on the attached sheet.

/s/
_____
Complainant's signature

Trenton Shaffer, Special Agent
Drug Enforcement Agency
_____
Printed name and title

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone.

Date:  October 7, 2022, 12:02 p.m.

_Karen L. Stevenson_
Judge's signature

City and state:  Los Angeles, California

Hon. Karen L. Stevenson, U.S. Magistrate Judge
Printed name and title

AUSA: Michael J. Morse

## **AFFIDAVIT**

I, Trenton Shaffer, being duly sworn, declare and state as follows:

### I. **PURPOSE OF AFFIDAVIT**

1. This affidavit is made in support of a criminal complaint against Prabhjot Singh SIDHU ("SIDHU") for a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.

2. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested complaint, and does not purport to set forth all of my knowledge of or investigation into this matter. Unless specifically indicated otherwise, all conversations and statements described in this affidavit are related in substance and in part only.

### II. **BACKGROUND OF AFFIANT**

3. I am an investigative and law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations of, and to make arrests for, the offenses enumerated in Title 18, United States Code, Section 2516. I am currently a Special Agent ("SA") with the Drug Enforcement Administration ("DEA"), Los Angeles Field Division, Los Angeles Field Division ("LAFD") and have been employed in this capacity since March 2020.

4.  During the course of my employment, I have received comprehensive, formal instruction on such topics as drug identification; money laundering techniques; patterns of drug trafficking; complex conspiracies; the exploitation of narcotics traffickers' telecommunications devices; criminal law; surveillance; and other investigative techniques.  I have initiated and assisted in investigations into the unlawful importation, manufacture, possession with intent to distribute, and distribution of narcotics (including cocaine, heroin, and methamphetamine, the laundering of narcotics proceeds, and conspiracies associated with narcotics offenses.  In conducting these investigations, I have utilized a variety of investigative techniques and resources, including but not limited to such techniques as surveillance, confidential sources, search warrants, telephone toll analysis, undercover operations, and wire intercept communications analysis in Title III and California State wiretap investigations.

## III. SUMMARY OF PROBABLE CAUSE

5.  After agents conducted surveillance on a vehicle rented and being driven by SIDHU, and tracked SIDHU using a state issued GPS warrant to a hotel in the Los Angeles area, agents contacted SIDHU outside of his hotel room.  SIDHU gave agents consent to search the vehicle he had driven to the hotel and his hotel room.  Upon searching the vehicle, agents found fifteen containers containing approximately 616 pounds of suspected methamphetamine, 82 kilograms of suspected cocaine and approximately 100,000 suspected fentanyl pills.  During the

search of the vehicle, SIDHU told agents that there was cocaine in the vehicle.

## IV. STATEMENT OF PROBABLE CAUSE

6. Based on my review of law enforcement reports, conversations with other law enforcement agents, and my own knowledge of the investigation, I am aware of the following:

**A.   Background**

7. On or about September 8, 2022. Agent Watson, of the Curlew Border Patrol Station, received a report of suspicious activity near the international boundary in Danville, Washington. Follow-up investigation by Agent Watson and other Border Patrol Agents revealed that there were vehicle tire marks ("tire sign") of tow vehicles entering and exiting the dirt road known as Independence Circle, off of Fourth of July Creek Road, West of Danville, Washington.

8. The Border Patrol Agents were also able to locate the shoe prints ("footsign") of approximately four to six individuals. Border Patrol Agents estimated that both the vehicle tire sign and footsign were made in the late evening of September 7, 2022. The Border Patrol Agents tracked the footsign northbound, to the international boundary between the United States and Canada; the approximate distance traveled was a quarter mile. The Agents were able to see that the footsign indicated persons had illegally entered Canada and then returned to  vehicles near Independence Circle. Additionally, along the route of the footsign, Agents located three manufacturer tags for 26-Liter backpacks, one manufactured by Slumberjack and the

3

remaining two by Athletic Works.  Follow-up open-source investigation revealed that the backpacks are commercially available at big-box retailers such as Walmart.  Given the totality of these circumstances, the Border Patrol Agents believed it is quite likely that some sort of cross-border contraband smuggling event had taken place on the night of September 7th, 2022.

    9.   Based on the information gathered by Agent Watson regarding the events of September 7th and 8th, Border Patrol Agents installed remote sensing equipment and cameras in the area of Independence Circle, Danville, Washington.  Then, at approximately 11:00 P.M., on September 26th, 2002, Spokane Border Patrol Radio Dispatch advised Curlew Agents of possible activity in the area of Independence Circle.  Responding Agents Doyen and Perez then observed a 2022 GCM Yukon (displaying license plate WA CBM9892) departing the area.  Agents Doyen and Perez requested a query of the license plate via Dispatch and subsequently learned that the vehicle was owned by Hertz Rental corporation.

    10.  Given this information, along with the previous sensor notification, the time of night, and proximity to the United States/Canada border, Agents Doyen and Perez initiated a traffic stop of the 2022 GMC Yukon, at approximately 11:15 P.M.  The Agents approached the vehicle and found it was occupied by only the driver.  The driver was identified as SIDHU.  Further inquiries by agents Doyen and Perez found that SIDHU was a B1/B2

visa-holder[1] who had been admitted by United States Customs and Border Patrol ("CBP"), at the Los Angeles International Airport, on or about August 21, 2022. Agents Doyen and Perez questioned SIDHU as to his purpose and reasons for being in the area. SIDHU could not provide them with a satisfactory explanation as to why he had traveled from Los Angeles, California to the remote town of Danville, Washington and was driving around in the immediate vicinity of the international boundary. Agents asked SIDHU for and were granted consent to search the vehicle; nothing of note was found. SIDHU was subsequently allowed to depart the area.

    11. The following morning, September 27th, 2022, Agent Watson was reviewing the footage obtained by the previously installed sensing equipment and cameras. Agent Watson found that at approximately 11:07 P.M. (shortly before SIDHU was encountered by the Border Patrol in his rental vehicle) cameras captured images of three unidentified subject illegally entering the United States from Canada. The subjects were captured on camera walking southbound into the United States, empty handed. Approximately twenty minutes later the same cameras captured images of the same individuals walking back northbound, towards the Canadian border, each carrying duffle bags/backpacks. Such activity and actions are consistent with cross-border contraband smuggling.

---

[1] B1/B2 Visas allow for the visa-holder to enter the United States temporarily for both business and tourism and allows the holder to stay in the United States for up to six months.

12. Follow-up investigation by Agent Watson, with the assistance of Enforcement Analyst Specialist ("EAS") Strom, found that SIDHU had flown into Los Angeles, California, from Calgary, Alberta, Canada on August 21st, 2022. Agents made further inquiries in CPB law enforcement databases and found that SIDHU had made five similar trips to the United States since approximately May 20th, 2022. SIDHU flew from Calgary, Alberta, Canada into Los Angeles, California and departed back to Calgary via Seattle-Tacoma International Airport on five of the previous six trips. Agent Watson and EAS Strom further found that in August of 2022, SIDHU had been in a vehicle accident in another rental car that had been rented in Los Angeles, California. The vehicle accident had occurred on approximately August 23rd, 2022, near Clayton, Washington, on Interstate 395, which is a major route of travel used to get to the Danville, Washington area. Significantly, two days prior to that accident, SIDHU arrived by flight in Los Angeles, California at approximately 9:26 A.M. A google map search revealed the approximate fastest route of travel by car from Los Angeles, California to Clayton, Washington would have taken SIDHU 18 hours and 43 minutes of straight drive time (not to include stops for gas, food, and sleep). Furthermore, SIDHU accident occurred at approximately 1:50 AM on August 23, 2022. A google map search shows the drivetime between Danville, Washington to Clayton, Washington to be approximately 2 hours, leading investigators to believe SIDHU could have been traveling through Clayton, Washington after making a trip to Danville,

Washington.  This type of itinerary and travel is highly indicative of drug trafficking and drug trafficking organizations due to very few stops and direct travel to and from the same area.

13. Subsequent follow-up investigation of SIDHU's travel pattern by EAS Strom determined that SIDHU's airline tickets were purchased for him by a Canadian female identified as Autumn Rae Frank ("FRANK").  EAS Strom found that FRANK had flown as a co-traveler of SIDHU on three of his previous trips to the United States.

14. On October 5, 2022, through law enforcement databases, investigators learned SIDHU would be flying into Los Angeles, California from Edmonton, Alberta, Canada the following day.  On October 6, 2022, through surveillance conducted by DEA agents based out of Los Angeles Financial Investigations Group ("FIG"), agents learned that SIDHU rented a dark blue 2022 GMC Yukon Denali, bearing California License Plate 8ZKJ073, owned by Hertz car rental.  Agents observed during surveillance that SIDHU was travelling with two small carry-on luggage bags and SIDHU was the sole occupant of the vehicle.  Agents learned SIDHU listed the Hyatt hotel located at 5959 W. Century Blvd, Los Angeles, California ("the Hyatt") on his customs paperwork.

15. On October 6, 2022 from approximately 10:30 AM until 12:15 PM, LAFD FIG Agents conducted surveillance on SIDHU in the Los Angeles, California vicinity.  SIDHU was seen travelling in an erratic manor by stopping next to a curb on the side of a busy road and then pulling back out without exiting the vehicle

shortly after.  SIDHU also circled back towards LAX before aggressively crossing over four lanes of traffic and exiting onto the freeway.  Through these many counter surveillance maneuvers, surveillance was unable to be maintained on SIDHU.

16.  Shortly thereafter, LAFD FIG Agents applied for and obtained a state search warrant for the OnStar Global Positioning System ("GPS") that was connected to the GMC Yukon driven by SIDHU in order to obtain SIDHU's whereabouts.

17.  At approximately 7:15 P.M., LAFD FIG Agents received the GPS location of SIDHU, which indicated the GMC Yukon was at a hotel in Hisperia, California.

18.  From approximately 8:15 P.M. until 9:20 P.M., LAFD FIG Agents monitored the OnStar GPS notifications.  The GMC Yukon traveled back towards the Los Angeles area and eventually parked the Hyatt hotel located at 5959 W Century Blvd, Los Angeles, California.

19.  At approximately 9:21 PM, LAFD FIG Agents identified SIDHU checking into the Hyatt hotel and heading up the hotel elevator to his room.

20.  At approximately 9:40 PM, LAFD FIG Agents walked near the vehicle driven by SIDHU and saw, in plain view, multiple rubber storage containers in the rear of the vehicle.

**B.   After SIDHU Consents to Search of His Vehicle, Agents Find Large Quantities of Controlled Substances Inside.**

21.  At approximately 11:30 P.M., LAFD FIG Agents went to SIDHU's hotel room, and knocked on the door.  SIDHU answered the door, stood in the threshold and spoke with agents.  Upon

initial conversation with SIDHU, SIDHU consented to a search of his vehicle and hotel room.

22.  At approximately 11:45 P.M., LAFD FIG Agents walked to the parking garage next to the Hyatt with SIDHU and SIDHU lead LAFD FIG Agents to the dark blue 2022 GMC Yukon Denali bearing California License Plate 8ZKJ073 in which SIDHU was seen driving previously.

23.  Agents began emptying out the contents of the vehicle from the back end first.  The initial containers that were removed from the vehicle were 32-gallon plastic storage containers containing bundles of suspected methamphetamine in clear wrapping. Previous to the search of the vehicle, SIDHU stated that he was unaware what was in the containers.  During the search of the first couple of containers, however, SIDHU stated that he believed cocaine was in some of the containers or back packs which were inside of the vehicle.  As agents continued to remove containers from the inside of the vehicle, seven (7) storage containers, seven backpacks and one cardboard box were located which in total contained approximately 616 pounds of suspected methamphetamine in clear wrapping, 82 kilograms of suspected cocaine marked "Prada" and approximately 100,000 suspected blue fentanyl pills.

24.  No field testing was done on the drugs due to the large quantity and risk of fentanyl in the products.  However, based on the appearance, packaging and logos on the packaging of the drugs, the substances are suspected to be methamphetamine, cocaine and fentanyl.

## V. CONCLUSION

25. For all of the reasons described above, there is probable cause to believe that Prabhjot Singh SIDHU has committed a violation of 21 U.S.C. § 841(a)(1): Possession with Intent to Distribute a Controlled Substance.

Attested to by the applicant in
accordance with the requirements
of Fed. R. Crim. P. 4.1 by
telephone on this seventh day of
October, 2022, 12:02 p.m.

*Karen L. Stevenson*
THE HONORABLE KAREN L. STEVENSON
UNITED STATES MAGISTRATE JUDGE